UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01645-DAD-BAK (HBK) (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>(Doc. 24)<br><br>ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO FILE A SECOND AMENDED COMPLAINT<br><br>THRITY (30) DAY DEADLINE |

Pending before the Court is "Plaintiff's Request to Stay Defendants' Motion to Dismiss Until After Court has Completed Screening Pursuant to 28 U.S.C. § 1915A(a); Declaration in Support Thereof." (Doc. 24). For the reasons set forth below, the Court denies Plaintiff's Motion and directs Plaintiff, within thirty (30) days, to file a response to Defendant's Motion to Dismiss or, as is his right as a matter of law under Fed. R. Civ. P. 15(a)(1)(B), to file a second amended complaint.

**I.   Relevant Background**

This action was removed from the Sacramento County Superior Court by Defendants Brasil, Cisneros, Collins, Cooper, Davis Elszy, Maltman, Martin, Milam, Perkins, Ronquillo and

Sherman on November 13, 2020. (Doc. 1).  Defendants requested screening of Plaintiff Paul John Denham's complaint pursuant to 28 U.S.C. § 1915A(a). (*Id*. at 3).  Further, Defendants requested a 30-day extension of time "from service of the Court's screening order to file a response to the Complaint." (*Id*. at 4).

On November 12, 2021, the previously assigned magistrate judge issued a first screening order. Specifically, the magistrate judge found Plaintiff failed to "establish a causal connection between any of the individual defendants' actions or inactions" in Plaintiff's Eighth Amendment deliberate indifference claim (Doc. 8 at 6), failed to state a cognizable conspiracy claim under the Eighth Amendment (*id.* at 7) and failed to exhaust his administrative remedies and failed "to show that any particular defendant breached a legal duty to him or caused the injuries of which he complains" as to his state law negligence claim (*id*. at 7-8).  The Court concluded that Plaintiff's complaint failed to state a claim upon which relief could be granted, and because amendment might cure the deficiencies identified in the screening order, Plaintiff was given 21 days within which to do so, or to file a notice of voluntary dismissal. (*Id*. at 8).

On June 10, 2022, Plaintiff filed a first amended complaint. (Doc. 21).   Thereafter, Defendants filed a Motion to Dismiss Plaintiff's Fourteenth Amendment Claim, Conspiracy to Violate Civil Rights Claim, and State-Law Negligence Claim in the First Amended Complaint. (Doc. 23).   On July 7, 2022, Plaintiff filed a document titled "Plaintiff's Request to Stay Defendants' Motion to Dismiss Until After Court has Completed Screening Pursuant to 28 U.S.C. § 1915A(a); Declaration in Support Thereof." (Doc. 24).

**II.    Discussion**

Plaintiff requests the Court stay Defendants' motion to dismiss certain claims in his first amended complaint until the Court "has found cognizable claims" following completion of screening pursuant to 28 U.S.C. § 1915A. (Doc. 24 at 2).  Plaintiff contends he "cannot oppose Defendants' motion to dismiss because it will cause [him] to violate the Court's November 19, 2020, order precluding [him] from proceeding 'with legal action against a governmental entity or individual in this Court until the Court screens the complaint and finds that it states cognizable claims against named defendants.'" (*Id*. at 2).  Plaintiff states "[d]isobeying such order subjects

[him] to imposition of sanctions including dismissal" and that the Court's May 23, 2022, order "notes the Court lacks jurisdiction because it 'does not have an actual case or controversy before it…Here, there is no operative complaint in this action for which the Court has found cognizable claims.'" (*Id*. at 2-3).  Plaintiff seeks a stay of "Defendants' motion to dismiss until such time that this Court has completed screening and determined that it has jurisdiction over [his] civil rights case." (*Id*. at 3).

First, the Court's jurisdiction is not in question. At the time of the Court's May 23, 2022 Order Granting in Part Plaintiff's Third Motion for Extension of Time to File First Amended Complaint, Plaintiff's original complaint had been previously identified as failing to state a claim upon which relief could be granted and the first amended complaint had not yet been filed. With the filing of Plaintiff's first amended complaint, the operative complaint, the Court's jurisdiction is not in question.  Furthermore, the reference to jurisdiction in the May 23, 2022 Order specifically pertained to Plaintiff's request that this Court issue an order directing the Attorney General's Office to informally respond to Plaintiff's allegations concerning his access to legal materials while incarcerated at California State Prison, Corcoran.

Second, Plaintiff's concerns regarding sanctions for disobeying this Court's November 2020 order—by opposing Defendants' now pending motion to dismiss prior to screening of his first amended complaint—are misplaced.  The November 19, 2020 First Informational Order in Prisoner/Civil Detainee Civil Rights Case is a preliminary order providing prisoner litigants with general information and rules generally applicable to prisoner *pro se* actions.  When litigation commences, certain actions taken by a party or parties will require further action on the part of another party.  Where one party has filed a motion, Local Rule 230(l) allows for a response by the party against whom the motion is directed.  Here, Defendants' have filed a motion to dismiss certain claims asserted by Plaintiff. Plaintiff is entitled to oppose the motion.  Sanctions against Plaintiff for responding to Defendants' motion would be wholly inappropriate and not contemplated by the Court.

Next, Plaintiff is advised that the legal standard that would be applied to Defendants' motion to dismiss is the same legal standard applied during screening under § 1915A.  *See*

3

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (the legal standard for screening and for 12(b)(6) motions is the same). As a result, Defendants' challenges to certain claims asserted in Plaintiff's first amended complaint would be subject to the same scrutiny those claims would undergo at screening.

In sum, there is no reason to stay Defendants' motion to dismiss. Plaintiff shall be afforded thirty days within which to file any opposition to Defendants' motion to dismiss. Alternatively, Plaintiff may elect to file a second amended complaint. *See* Fed. R. Civ. P. Rule 15(a)(1)(B) ([Amendments Before Trial, Amending as a Matter of Course] "A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier").[1]

ACCORDINGLY, it is hereby ORDERED:

1. Plaintiff's Motion to Stay Defendants' Pending Motion to Dismiss (Doc. 24) is DENIED; and

2. Plaintiff SHALL file either a response in opposition to Defendants' Motion to Dismiss **within 30 days** from the date of service of this order; or, in the alternative, Plaintiff shall file a second amended complaint **within 30 days** from the date of service of this order.

Dated:   July 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding a "[p]laintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under 15(a)(1), so long as that amendment was timely." *See also T.T. v. Cnty. of San Diego*, No. 319-CV-00407-AJB-AGS, 2020 WL 516146, at *3 (S.D. Cal. Jan. 31, 2020).

4