UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01645-ADA-CDB (PC)<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPLICATION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 34) |

**I.     RELEVANT BACKGROUND**

On January 9, 2023, Plaintiff filed a document titled "Plaintiff's Request for Judicial Notice in Support of Application for Appointment of Counsel." (Doc. 34.) Plaintiff notes this filing was "filed concurrently herewith: (1) Plaintiff's Application for Appointment of Counsel; and (2) Plaintiff's Application for 90-day Extension to File Opposition to Defendants' Motion to Dismiss." (*Id.*)

The Court granted Plaintiff's request for a 90-day extension of time within which to file an opposition to the pending motion to dismiss (*see* Doc. 35) in an Order issued January 11, 2023. (Doc. 36.)

Despite Plaintiff's reference to a concurrently filed application for the appointment of counsel, the docket does not reflect such an application has been filed for this Court's

consideration. Only two pleadings were filed on January 9, 2023. (Docs. 34 & 35.)[1]

Nevertheless, the Court will consider Plaintiff request for judicial notice.

## II.   DISCUSSION

Plaintiff requests the Court take judicial notice of the following:

1. Public Records Act Request of December 10, 2021, reference number 1003849-121021, Exhibit A. Plaintiff claims it is relevant to his civil rights complaint "in that it notes the case 'Leos vs Sherman' settled for the sum of '$3,000.00.'" Plaintiff contends that case involves the same defendants and same issues "related to leaking dining hall roofs" at the facility. Plaintiff contends the content is not subject to reasonable dispute and cites to Federal Rules of Evidence 201(b)(2); and

2. The October 23, 2020 Order issued in this Court's case number 1:20-cv-00528-NONE-BAM, recommending the action against Defendant Milam proceed. Plaintiff claims the case is relevant to his civil rights complaint "in that it relates to the same prison conditions as plaintiff's complaint and the same defendant Richard Milam," and information cited therein "obtained by plaintiff to establish the subjective prong of a deliberate indifference claim …." Plaintiff cites Seventh and Ninth Circuit case law for the proposition that a court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to the matters at issue.

(Doc. 34 at 2-3.)

### *Request for Judicial Notice*

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of "information [that] was made publicly available by government entities" where "neither party disputes the

---

[1] The Proof of Service attached to this filing reflects Plaintiff served three separate documents to this Court's clerk on January 5, 2023. (Doc. 34 at 6.) As noted above, this Court is not in receipt of an application or motion for the appointment of counsel.

1  authenticity … or the accuracy of the information." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d
2  992, 998-99 (9th Cir. 2010). And a court may take judicial notice of "documents on file in federal
3  or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). However,
4  "[j]ust because the document itself is susceptible to judicial notice does not mean that every
5  assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen*
6  *Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *M/V Am. Queen v. San Diego Marine*
7  *Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court cannot generally take judicial notice
8  of the underlying "factual findings of proceedings or records in another cause so as to supply,
9  without formal introduction of evidence, facts essential to support a contention in a cause then
10 before it").

11       As to Plaintiff's first request, the Court declines to take judicial notice of Exhibit A
12 because the fact that the "'Leos vs Sherman'" matter settled in the sum of $3,000 *and* pertains to
13 the same defendants and issues as those arising in this action would require this Court to find
14 those statements to be true. While the document references a case entitled "Leos vs Sherman,"
15 there is no identifying case number. Nonetheless, even taking the matters as one and the same,
16 there is no reference whatsoever as to the claims at issue in that matter. *Khoja*, 899 F.3d at 999.

17       As to Plaintiff's second request, the Court grants in part and declines in part to take
18 judicial notice of the October 23, 2020 order issued in case number 1:20-cv-00528-NONE-BAM.
19 The Court takes judicial notice of the fact that Defendant Milan[2] is a named defendant in that
20 action. *Harris*, 682 F.3d at 1131-32. However, the Court declines to take judicial notice of that
21 action involving "the same prison conditions" or information obtained concerning the subjective
22 prong of the deliberate indifference test. That is so because the October 23, 2020 order pertains to
23 James Leos' factual allegations as plausibly alleging a cognizable claim for unconstitutional
24 conditions of confinement in violation of the Eighth Amendment. Those allegations were just
25 that, allegations. Allegations are most certainly subject to question. The allegations were not

---

[2] Plaintiff here employs the spelling "Milam" whereas the plaintiff in the other action employed the spelling "Milan." The Court assumes Richard "Milam" or "Milan" to be one in the same.

3

established as true, and the case was voluntarily dismissed by the plaintiff in that action on March 25, 2021. Even had Leos' factual allegations been established, the Court would decline Plaintiff's request as it relates to "same prison conditions" and other information. *Khoja*, 899 F.3d at 999; *M/V Am. Queen*, 708 F.2d at 1491.

### *Appointment of Counsel*

While the Court does not have a specific motion for the appointment of counsel before it, it will consider Plaintiff's request in the broader sense and address it accordingly.

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. Indeed, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See, e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that

"[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners").

At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Defendants' motion to dismiss (Doc. 23) is pending decision by this Court and will be decided in due course. Nevertheless, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff has been litigating his case in this Court since its removal from the Sacramento County Superior Court on November 13, 2020. (*See* Doc. 1.) Plaintiff has complied with Court orders (*see, e.g.*, Docs. 8 [first screening order granting leave to amend] & 21 [first amended complaint]). Further, the Court notes Plaintiff filed a motion for stay (Doc. 24) and several motions wherein he explains the need for the requested extension of time (*see, e.g.*, Docs. 10, 15, 18, 31). Plaintiff also filed a notice concerning his access to legal materials (Doc. 20) and filed a reply to Defendants' response to that filing (Doc. 22). While the latter filings do not necessarily demonstrate Plaintiff's ability to adequately articulate his claims, they do demonstrate his ability to follow Court orders and procedures.

The fact an attorney may be better able to perform research, investigate, and prepare for and represent Plaintiff at trial does not change the analysis concerning the appointment of counsel. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his

claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Lastly, the Court notes that to the degree it has taken judicial notice of the fact Defendant Milan was a named defendant in the *Leos v. Sherman* matter, that fact has no bearing on Plaintiff's request for the appointment of counsel.

### III. CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's first request that the Court take judicial notice of Exhibit A is DENIED;
2. Plaintiff's second request that the Court take judicial notice of matters in 1:20-cv-00528-NONE-BAM is GRANTED in part and DENIED in part. Specifically, the Court grants Plaintiff's request this Court take judicial notice of the fact that named Defendant "Richard Milam" in this action was also a named defendant in case number 1:20-cv-00528-NONE-BAM. The remainder of Plaintiff's second request is DENIED; and
3. Plaintiff's request for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 17, 2023**

UNITED STATES MAGISTRATE JUDGE

6