1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL JOHN DENHAM,                     Case No. 1:20-cv-01645-ADA-CDB (PC)

12                 Plaintiff,        **ORDER DENYING PLAINTIFF'S MOTION
                                     FOR APPOINTMENT OF COUNSEL AND**
13          v.                       **REQUEST FOR JUDICIAL NOTICE**

14   S. SHERMAN, et al.,                   (Docs 41 & 42)

15                 Defendants.

16

17          Plaintiff Paul John Denham is a state prisoner proceeding *pro se* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          **I.      INTRODUCTION**

20          On March 28, 2023, Plaintiff filed "Plaintiff's Request for Judicial Notice in Support of

21   Motion for Appointment of Counsel" (Doc. 41) and "Plaintiff's Notice of Motion and Motion for

22   Appointment of Counsel Pursuant to 28 U.S.C. Section 1915(e)(1)" (Doc. 42).

23          In his motion, Plaintiff states (1) he is proceeding pro se "in forma pauperis in this action

24   while incarcerated and indigent,"[1] (2) staff shortages and prison lockdowns negatively impact his

25   access to the law library, (3) "legal research computers are not equipped to accommodate" his

26   vision impairment, (4) prison officials have confiscated his legal materials and are storing them

27

28   [1] The Court notes Plaintiff is appearing *pro se*, but not *in forma pauperis*, in this action.

"in a location that is difficult for" him to access, (5) despite asking for assistance from defense counsel concerning his ability to access his legal materials, defense counsel did not respond, and (6) the prison law library does not contain "directory information to enable" him to "locate and contact an attorney seeking representation" and his November 2022 letter to the Prison Law Office has gone unanswered. (Doc. 42 at 3-6.) Plaintiff contends this Court "must appoint counsel because his claims have merit but his inability to investigate and present his claims is being obstructed by prison officials who are aware of their obstruction but [are] refusing to provide available remedies." (*Id*. at 7-8, 9.) Plaintiff argues the "actions and inactions" of prison officials or staff is obstructing his ability to investigate and present his claims and that he has not been provided reasonable accommodations for his vision impairment to enable him to conduct legal research. (*Id*. at 9.) He contends there exists a "systemic problem lasting at least two years" wherein prison officials fail "to effectively operate a law library." (*Id*.) Further, Plaintiff's argues exceptional circumstances exist justifying the appointment of counsel due to prison officials' confiscation of his legal materials, requiring his legal materials be stored in an area it is difficult for him to access. Also, the prison's "one-for-one exchange policy"—allowing Plaintiff to keep only one box of legal materials in his cell at a time—prevents him from obtaining documents needed from another box because he "has multiple cases in multiple boxes." (*Id*. at 9-10.) Plaintiff contends "prison officials could easily relocate [his] legal property to one of 150+ available vacant cells on the SAME facility where [he] is housed" without impacting prison resources. (*Id*. at 11.)

In his request for judicial notice, filed in support of the motion to appoint counsel, Plaintiff asks the Court to take judicial notice of orders issued in in four actions maintained in this Court, involving Defendants Stuart Sherman and Richard Milam and asserting conditions of confinement claims, as well as an order filed in a Kings County Superior Court state court action involving a dining hall at the California Substance Abuse Treatment Facility in Corcoran. (Doc. 41 at 1-4.)

//

//

1   ## II.      DISCUSSION

2                      *Applicable Legal Standards Concerning Requests for Counsel*

3          Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v.*

4   *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

5   n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. §

6   1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

7   "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

8   to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

9          Given that the Court has no reasonable method of securing and compensating counsel, the

10  Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional

11  circumstances exist, a district court must evaluate both the likelihood of success on the merits [and]

12  the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal

13  issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

14                      *Analysis*

15         The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims.

16  *Rand*, 113 F.3d at 1525. While Plaintiff's original complaint was screened as required by 28

17  U.S.C. § 1915A(a) (*see* Doc. 8), Defendants have filed a motion to dismiss the Fourteenth

18  Amendment claim, conspiracy to violate civil rights claim, and state law negligence claim in

19  Plaintiff's first amended complaint (*see* Doc. 23) and briefing is ongoing. Therefore, it is

20  premature to determine that there is a likelihood of success on the merits. *See, e.g.*, *Brookins v.*

21  *Hernandez,* No. 1:17-cv-01675-AWI-SAB, 2020 WL 8613838, at *1 (E.D. Cal. June 11, 2020)

22  (premature to determine likelihood of success on the merits where defendants have filed a motion

23  for summary judgment); *Garcia v. Smith*, No. 10CV1187 AJB RBB, 2012 WL 2499003, at *3

24  (S.D. Cal. June 27, 2012) (denying appointment of counsel where prisoner's complaint survived

25  defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), but it was "too early to

26  determine" whether his adequately pleaded claims were likely to succeed on the merits, or even

27  survive summary judgment). A likelihood of success on the merits determination is not the same

28  as that required at screening; at screening, the Court determines whether a plaintiff has

sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening. Hence, Plaintiff's assertion that his claims "have merit" may be true, but at this stage of the proceedings, a determination of his *likelihood to succeed on the merits* of his claims cannot be made.

The Court also must evaluate Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Following screening of Plaintiff's original complaint asserting Eighth Amendment conditions of confinement claims, Eighth Amendment conspiracy claims, and state law negligence claims, a previously assigned magistrate judge found Plaintiff had failed to state a claim upon which relief could be granted, but gave Plaintiff leave to amend his complaint. (Doc. 8.) Plaintiff then filed his first amended complaint on June 10, 2022. (Doc. 21.) Defendants have filed a motion to dismiss (Doc. 23), and once briefing has been completed,[2] the matter will be submitted for decision by the Court. As this Court has previously held, "based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims." (Doc. 37 at 5.) The Court finds no reason to depart from its January 2023 finding, particularly where Plaintiff has lodged several substantive filings since, including the instant motion. (*See, e.g.*, Docs. 39, 40-42, 44, 47.)

As for Plaintiff's indigency, indigency does not qualify as an exceptional circumstance. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"). Concerning limited access to the law library, limited law library access is a circumstance common to most prisoners and is not an exceptional circumstance. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No.

---

[2] Presently, Plaintiff's opposition to the motion to dismiss is due June 1, 2023. (*See* Doc. 46.)

4

2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law"). Notably too, there is no freestanding constitutional right to law library access for prisoners; law library access serves as one means of ensuring the constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Linquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).

Next, Plaintiff asserts his difficulties accessing his legal materials or documents stored outside his cell is an exceptional circumstance warranting the appointment of counsel. The Court presumes there are dozens of prisoners litigating multiple cases and thus limited in their access to their legal materials in a manner similarly endured by Plaintiff. But limitations or restrictions do not amount to a complete inability to access one's legal materials or documents and Plaintiff does not allege no access at all. The Court does not find Plaintiff's circumstance to be exceptional. *See, e.g.*, *Houston v. NGAI*, No. 2:20-cv-1051 KJM DB P, 2022 WL 753905, at *1-2 (E.D. Cal. Feb. 7, 2022) (plaintiff sought appointment of counsel due in part to an inability to access his legal materials due to COVID-19 restrictions; his "lack of access to the law library and legal materials is nothing more than circumstances common to most inmates"); *Gonzalez v. Brown*, No. 2:17-cv-0176-WBS-CMK-P, 2017 WL 4340008, at *1 (E.D. Cal. Sept. 29, 2017) ("Plaintiff's claims of limited access to legal materials is not an exceptional circumstance, but one all prisoners face"); *Daniels v. Fox*, No. 2:15-cv-1264 GEB AC P, 2016 WL 6993565, at *2 (E.D. Cal. Nov. 29, 2016) ("A prisoner's confinement in administrative segregation does not present an exceptional circumstance"). Briefly, concerning Plaintiff's assertion that defense counsel did not respond to his request for assistance as it pertains to Plaintiff's ability to access his legal materials in an alternative manner, the Court is not aware of any requirement that Defendants respond to such a request and Plaintiff has provided no specific authority for his assertion in this regard.

To the extent Plaintiff argues his visual impairment and the prison's refusal to reasonably accommodate his visual impairment are exceptional circumstances warranting the appointment of

5

counsel, the Court does not agree. The Court is aware from the various requests for extensions of time it has granted that Plaintiff has a visual impairment. That said, Plaintiff has been litigating this action for two and a half years in this Court despite his visual infirmity. Certainly Plaintiff appears capable of understanding and meaningfully engaging in the litigative process, despite his vision impairment. Therefore, the Court will not find this to be an exceptional circumstance. *See, e.g.*, *McDaniels v. United States*, No. ED CV 14-02594-VBF (JDE), 2019 WL 11726944, at *1-2 (C.D. Cal. Oct. 18, 2019) (where, on reconsideration following submission of "a sufficient new fact" describing McDaniels as legally blind, the motion was denied because "after an evaluation of both 'the likelihood of success on the merits' and Plaintiff's ability 'to articulate his claims pro se in light of the complexity of the legal issues involved' … the Court finds that the exceptional circumstances which are necessary to grant Plaintiff's Renewed Motion do not exist at this time"); *Norwood v. Hubbard*, No. CV 1-07-00889 SMM, 2009 WL 1287298, at *5 (E.D. Cal. May 7, 2009) (finding no exceptional circumstances warranted appointment of counsel where prisoner's "assertion of mental health problems" were vague and he appeared to have adequately prepared other filings in his case).

Lastly, Plaintiff notes that his letter to the Prison Law Office seeking legal representation has gone unanswered, warranting the appointment of counsel. However, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, No. 08cv0859RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a

civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this case. *Rand*, 113 F.3d at 1525.

Finally, the Court notes the filing fee has been paid (*see* Docket Entry No. 1 dated 11/30/20 ["receipt number 0972-9242152"]) and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

### *Judicial Notice Is Not Appropriate*

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known with the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of "information [that] was made publicly available by government entities" where "neither party disputes the authenticity … or the accuracy of the information." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). And a court may take judicial notice of "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (a court cannot generally take judicial notice of the underlying "factual findings of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it").

1        Here, Plaintiff requests the Court take judicial notice of orders in four actions pending in

2   this Court because they involve findings that the complaints filed were "sufficient to state a cause

3   of action against Stuart Sherman and Richard Milam" (*see* Doc. 41 at 2, 3), and in the Kings

4   County Superior Court matter because "that the SATF Prison dining hall violates the Eighth

5   Amendment in that the conditions are unsafe and unsanitary" (*id*. at 3). The Court declines to take

6   judicial notice of the orders issued in the five cases cited by Plaintiff because they involve

7   findings in another cause supplying, without formal introduction of evidence, facts essential to

8   support Plaintiff's allegations. *M/V Am. Queen*, 708 F.2d at 1491. To the extent Plaintiff believes

9   the orders in those matters support a finding by this Court that he is likely to succeed on the

10  merits of his claims for purposes of his instant motion for the appointment of counsel, the orders

11  do not do so. As noted above, the sufficiency of a party's allegations for purposes of stating a

12  cause of action at the screening stage does not equate to a showing of the likelihood of success on

13  the merits.

14      **III.**    **CONCLUSION AND ORDER**

15       Accordingly, and for the reasons stated above, it **HEREBY ORDERED** that:

16      1.  Plaintiff's request for judicial notice (Doc. 41) is **DENIED**; and

17      2.  Plaintiff's motion for the appointment of counsel (Doc. 42) is **DENIED** without

18         prejudice.

19  IT IS SO ORDERED.

20    Dated:   **April 21, 2023**

21                         UNITED STATES MAGISTRATE JUDGE