UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01645-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR 30-DAY EXTENSION OF TIME TO OPPOSE DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. 55) |

### I.　　PROCEDURAL BACKGROUND

On June 24, 2022, Defendants filed a Motion to Dismiss Plaintiff's Fourteenth Amendment Claim, Conspiracy to Violate Civil Rights Claim, and State-Law Negligence Claim in the First Amended Complaint. (Doc. 23.)

On July 7, 2022, Plaintiff filed a motion to stay Defendants' motion to dismiss until the Court had completed screening of his first amended complaint. (Doc. 24.)

On July 13, 2022, the Court issued its Order Denying Plaintiff's Motion to Stay and Order Directing Plaintiff to File Response to Defendants' Motion to Dismiss, or, in the Alternative, to File a Second Amended Complaint. (Doc. 25.)

On July 21, 2022, the Court granted Plaintiff's request for a 90-day extension of time within which to file a response to the motion to dismiss, or, alternatively, to file a second amended complaint. (Doc. 27.)

1       On October 19, 2022, the Court granted Plaintiff's second request for a 90-day extension of time within which to respond to Defendants' motion to dismiss. (Doc. 32.) Plaintiff was expressly provided an extension of time to oppose Defendants' motion to dismiss; Plaintiff was not provided with the alternative of filing a second amended complaint. (*Id*.)

        On January 17, 2023, the Court granted Plaintiff's third request for a 90-day extension of time within which to respond to Defendants' motion to dismiss. (Doc. 36.) This order too did not provide Plaintiff with the alternative of filing a second amended complaint. (*Id.*)

        On April 14, 2023, the Court issued its Order Granting in Part Plaintiff's Fourth Request for an Extension of Time to Oppose Defendants' Motion to Dismiss. (Doc. 46.) Plaintiff was ordered to file a response to Defendants' motion to dismiss "no later than **Thursday, June 1, 2023** …." (*Id*. at 3, emphasis in original.) Further, Plaintiff was warned "[t]he Court disfavors the filing of any further requests for extension of time." (*Id*.)

        On May 22, 2023, Plaintiff filed a request for a 30-day extension of time to file his opposition to Defendants' motion to dismiss. (Doc. 55.)

**II.    DISCUSSION**

*Plaintiff's Request of May 22, 2023*

        In his most recent request, Plaintiff states he filed a motion for leave to file a second amended complaint on May 3, 2023, and that his second amended complaint "addresses pleading defects that Defendants raised in their motion to dismiss." (Doc. 55 at 1-2.) He states Defendants "have a right to oppose" his motion and he has "a right to reply." (*Id*. at 2.) He contends the Court's ruling on his motion for leave to file a second amended complaint "is not possible … before June 1, 2023," the current deadline for the filing of Plaintiff's opposition to Defendants' motion to dismiss and notes that if the Court grants his motion for leave to file an amended complaint "it will render moot [his] need to oppose Defendants' motion to dismiss." (*Id*.) Plaintiff further asserts that to "avoid defaulting on the Court's April 14, 2023 order requiring [his] opposition," he is seeking a 30-day extension of time "to file an opposition – if necessary." (*Id*.)

//
//

2

***The Bases for the Court's Denial of Plaintiff's Request***

District courts have the inherent authority to control their dockets. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). That same power provides for the imposition of sanctions, including dismissal of an action for a failure to comply with a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Here, Defendants' motion to dismiss the first amended complaint has been pending on this Court's docket for nearly a year. Plaintiff has been previously afforded generous extensions of time to respond to the pending motion to dismiss. In fact, Plaintiff was initially afforded the alternative of filing a second amended complaint on two previous occasions (*see* Docs. 25 & 27), however, he elected not to do so. In its October 19, 2022, January 11, 2023, and April 14, 2023 orders, the Court extended to Plaintiff additional time within which to file an opposition to Defendants' motion to dismiss.  As Plaintiff acknowledges in his pending motion for leave to amend (Doc. 53, Section II "Procedural History," at pp. 4-5), none of those orders afforded Plaintiff the alternative of filing a second amended complaint (*see* Docs. 32, 36 & 46).

On May 3, 2023, Plaintiff filed a motion for leave to file a second amended complaint. (Doc. 53.) Pursuant to this Court's Local Rule 230(*l*), Defendants have twenty-one days within which to file an opposition or statement of non-opposition to Plaintiff's motion. Hence, Defendants' opposition or statement of non-opposition is due May 24, 2023.

Returning to Plaintiff's request for a 30-day extension of time to oppose Defendants' motion to dismiss, the Court finds Plaintiff has not established good cause for any further extension of time. Rather, the Court finds Plaintiff's election not to file an opposition to Defendants' motion to dismiss—and to instead file a motion seeking leave to file a second amended complaint more than six months after he was last provided the opportunity to do so as an alternative to filing an opposition—was a tactical decision not amounting to good cause warranting an extension of time. Plaintiff's strategy or tactics sound in bad faith, but, at bottom, reflect at least a lack of diligence.

Likewise, through Plaintiff has been afforded numerous extensions of time within which to oppose Defendants' motion to dismiss, he instead has chosen to use that time to prepare and

3

file several other motions, to wit: a motion to proceed in forma pauperis, a motion for appointment of counsel, a motion for sanctions against defense counsel, and a motion for reconsideration. (*See* Docs. 40, 42, 44 & 47.) Additionally, Plaintiff filed a petition for writ of mandate with the Ninth Circuit Court of Appeals during that same period. (*See* Doc. 39.) It is plain Plaintiff could have readily opposed Defendants' motion to dismiss.  That his tactical or strategic decision to delay opposing the motion to dismiss that has been pending for some eleven months will not bear fruit also does not equate to good cause or otherwise warrant an extension of time.

### III.    CONCLUSION AND ORDER

Plaintiff has failed to establish good cause warranting any further extension of time. Plaintiff request for a 30-day extension of time within which to oppose Defendants' motion to dismiss (Doc. 55) is **HEREBY DENIED**. **Plaintiff shall file his opposition to Defendants' motion to dismiss no later than June 1, 2023, as previously ordered**. No further requests for an extension of time as it concerns Defendants' motion to dismiss will be entertained.

The Court awaits further briefing on both Defendants' motion to dismiss (Doc. 23) and Plaintiff's motion for leave to file a second amended complaint (Doc. 53). Once briefing is complete, both matters will be deemed submitted and findings or orders will issue in due course.

**Plaintiff is advised that a failure to obey this Court's orders will result in a recommendation that this action be dismissed for Plaintiff's failure to obey courts order and to prosecute this action**.

IT IS SO ORDERED.

Dated:   **May 23, 2023**                                       _____
                                                                                    UNITED STATES MAGISTRATE JUDGE