1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   PAUL JOHN DENHAM, | No.  1:20-cv-01645-ADA-CDB (PC) |
| 12            Plaintiff, | |
| 13       v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| 14   STEWART SHERMAN, et al., | |
| 15            Defendants. | (ECF No. 47) |
| 16 | |

17         Plaintiff Paul John Denham, a state prisoner proceeding pro se, filed this civil rights
18 action with attendant state law claims in Sacramento Superior Court on September 21, 2020.  (*See*
19 ECF No. 1 at 2.)  Defendants removed the case to federal court on November 13, 2020.  (ECF
20 No. 1.)  On March 27, 2023, Plaintiff filed a motion to proceed in forma pauperis, which the
21 Magistrate Judge denied as moot because Defendants had already paid the filing fee in this action.
22 (ECF Nos. 40, 43.)  Plaintiff filed a motion for reconsideration on April 17, 2023.  (ECF No. 47.)
23 In his motion, Plaintiff states that he has sent several documents, including two motions for
24 appointment of counsel, to the Clerk's office that have not ended up on the docket.  (*Id.* at 2.)  He
25 believes this is because he has neither paid the filing fee nor received in forma pauperis status in
26 this action.  (*Id.* at 2–3.)  He, therefore, requests that the Court grant him in forma pauperis status
27 to avoid docketing errors in the future.  (*Id.* at 3.)  Defendants did not file an opposition to
28 Plaintiff's motion for reconsideration.

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D. Cal. R. 303(f). The "clearly erroneous" standard applies to factual determinations and requires reversal when "the district court is left with the definite and firm conviction that a mistake has been made." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). On the other hand, "the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions."[1] *Id.*

Plaintiff's motion for reconsideration provides no reason for this Court to overturn the Magistrate Judge's order. As the Magistrate Judge noted, because Defendants paid the filing fee in this case, Plaintiff has no obligation to pay an additional fee. (ECF No. 43 at 1.) Assigning Plaintiff in forma pauperis status is, therefore, unnecessary. To the extent that there have been docketing issues in this case, they are not the result of Plaintiff's lack of in forma pauperis status. In fact, the docket in this case includes numerous filings from Plaintiff, from both before and after the filing of his motion for in forma pauperis status. The Magistrate Judge's denial of Plaintiff's motion as moot was not clearly erroneous or contrary to law.

Accordingly,

1. Plaintiff's motion for reconsideration, (ECF No. 47), is denied;
2. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 25, 2023

_____
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear the extent to which the "contrary to law" standard differs from de novo review. *See SMC Networks, Inc. v. Hitron Techs., Inc.*, 2013 WL 12136372, at *2 (C.D. Cal. Mar. 15, 2013) (comparing rulings from different courts). "At a minimum, it is less deferential than the 'clearly erroneous' standard applicable to the magistrate judge's factual determinations and acts of discretion." *Comput. Econ., Inc.*, 50 F. Supp. 2d at 983 n.2.

2