UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01645-KES-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 23, 62) |

Plaintiff Paul John Denham is a state prisoner appearing pro se in this action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2023, the assigned magistrate judge issued findings and recommendations to deny in part and grant in part defendants' motion to dismiss filed June 24, 2022. Doc. 62. Specifically, the magistrate judge recommended that: (1) defendants' motion to dismiss plaintiff's Fourteenth Amendment claim be denied because this action does not proceed on any Fourteenth Amendment claim; (2) defendants' motion to dismiss plaintiff's conspiracy claims be granted with leave to amend; and (3) defendants' motion to dismiss plaintiff's state law negligence claims be granted without leave to amend. *Id*. at 24. The parties were directed to file any objections within 14 days. *Id.* at 24-25. On September 25, 2023, plaintiff filed objections to the findings and recommendations (Doc. 63) as well as a request for judicial notice (Doc. 64).

### I. REQUEST FOR JUDICIAL NOTICE (Doc. 64)

Plaintiff requests that the Court take judicial notice of an inmate/parolee request for interview document, dated September 2019, for which he received a response from the Prison Litigation Coordinator. Doc. 64. Defendants do not oppose the request for judicial notice.

The Court may take judicial notice of undisputed matters of public record, including records of state agencies and administrative bodies. *Disabled Rights Action Comm. V. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). "[C]ourts may take judicial notice of 'undisputed matters of public record,' but generally may not take judicial notice of 'disputed facts stated in public records.'" *Butler v. Rueter*, No. 2:22-CV-01301-KJN, 2023 WL 1991591, at *2 (E.D. Cal. Feb. 14, 2023), report and recommendation adopted in part sub nom. *Butler v. Kelso*, No. 2:22-CV-1301-KJM-KJN, 2023 WL 5528580 (E.D. Cal. Aug. 28, 2023) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

The document at issue is a record of the Department of Corrections and Rehabilitation ("CDCR") that includes a response that is signed by CDCR staff, which plaintiff argues shows CDCR's notice of his prior claim. To the extent the document may be subject to judicial notice, it would only be to establish the fact of the document's existence or the result of an administrative process. *Ahmed v. Duffy*, No. 2:15-CV-1470-JAM-AC, 2017 WL 2633386, at *2 (E.D. Cal. June 19, 2017), report and recommendation adopted, No. 2:15-CV-1470-JAM-AC, 2017 WL 4310505 (E.D. Cal. Sept. 28, 2017) (taking judicial notice of exhibits reflecting plaintiff' relevant administrative appeal and its resolution). Plaintiff's request for judicial notice (Doc. 64) is granted only to establish that the document exists and not for the truth of any assertions therein. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). In any event, the document does not support plaintiff's argument that defendants were on notice of his prior lawsuit.

### II. FINDINGS AND RECOMMENDATIONS (Doc. 62)

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, including petitioner's objections, the Court holds

2

the findings and recommendations to be supported by the record and proper analysis.

Plaintiff objects to the magistrate judge's recommendation that his state law claims be dismissed without leave to amend. Doc. 63. Plaintiff argues that his state law claims are not barred by the statute of limitations because a prior case he filed in the Eastern District of California (1:19-cv-01176-DAD-GSA, "*Denham I*") tolled the limitations period. *See id.* at 4-5. "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal quotations and citation omitted).

As noted by the magistrate judge, *Denham I* was filed on August 29, 2019. Doc. 62 at 20. The magistrate judge found that the complaint in *Denham I* "concerns the same defendants and the same or similar claims" as those in the present case. *Id.* at 22. However, plaintiff voluntarily dismissed the *Denham I* case on September 28, 2020, before the court finished its screening of the *Denham I* complaint. As the complaint had not yet passed screening, it had not yet been served on the defendants when plaintiff dismissed the case. The voluntary dismissal of *Denham I* some nine months after the January 6, 2020, expiration of the statute of limitations deadline for plaintiff to file his state law claims.

The magistrate judge found that plaintiff's voluntary dismissal of *Denham I* prior to service of the complaint on defendants doomed plaintiff's equitable tolling claim, because the defendants did not receive legal notice of the *Denham I* action. Doc. 62; *see also Consiglio v. Brown,* No. 1:16-CV-01268-AWI-SAB, 2019 WL 2153138, at *7 (E.D. Cal. May 17, 2019), report and recommendation adopted, No. 1:16-CV-01268-AWI-SAB, 2019 WL 6338117 (E.D. Cal. Nov. 27, 2019) (reasoning that first prong of California's equitable tolling test was not satisfied because first action was not served on defendant before that case was voluntarily dismissed and therefore defendant was not alerted to first case).

Plaintiff argues that he mailed the original complaint in *Denham I* on defendant Sherman, the Warden, and therefore defendant Sherman was alerted to the *Denham I* litigation. Doc. 62 at 22; Doc. 63 at 5. However, the magistrate judge found that, absent legal service of the summons

3

1  and complaint, defendants did not receive the required notice for equitable tolling to apply.
2  Additionally, "California courts have concluded that absent express statutory language, a
3  plaintiff's voluntary dismissal will not entitle him to toll the statute of limitations." *Johnson v.*
4  *Riverside Healthcare System, LP*, 534 F.3d 1116, 1127 (9th Cir. 2008) (holding plaintiff's
5  voluntary dismissal of prior court action "is not an event to which equitable tolling applies")
6  (citing *Thomas v. Gilliland*, 95 Cal. App. 4th 427, 433 (2002)).  Similarly, Denham's voluntary
7  dismissal of *Denham I* prior to service of the summons and complaint on the defendants precludes
8  him from relying on the filing of *Denham I* for equitable tolling purposes.

   Plaintiff also objects to the magistrate judge's denial of leave to file a second amended complaint.  However, the magistrate judge denied plaintiff's motion to file a second amended complaint based on the recommendation that plaintiff be granted leave to file a third amended complaint.  The magistrate judge did not err in granting plaintiff leave to file a further complaint captioned as a "third amended complaint," and plaintiff's motion to file a second amended complaint is therefore moot.  Plaintiff argues that he moved to file a second amended complaint in part on the basis that he had discovered a party's full legal name.  Doc. 63 at 2.  Plaintiff may any such correction in his third amended complaint, provided that any correction does not expand the scope of plaintiff's claims and is otherwise consistent with this Order.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice (Doc. 64) is granted to the limited extent set forth above.
2. The findings and recommendations (Doc. 62) issued September 8, 2023, are ADOPTED in full;
3. Defendants' motion to dismiss filed June 24, 2022 (Doc. 23) is DENIED IN PART and GRANTED IN PART as follows:
   a. Defendants' motion to dismiss plaintiff's Fourteenth Amendment claim is DENIED because this action does not proceed on any Fourteenth Amendment claim;

4

      b.  Defendants' motion to dismiss plaintiff's conspiracy claims is GRANTED with leave to amend; and

      c.  Defendants' motion to dismiss plaintiff's state law negligence claims is GRANTED without leave to amend.

4. Plaintiff may file a **third amended complaint**, consistent with this Order, **within 30 days** of the date of service of this Order; and

5. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   January 20, 2025

_____
UNITED STATES DISTRICT JUDGE

5